IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORRAINE SUAZO-GARCIA,

        Plaintiff,

v.

APX ALARM SECURITY SOLUTIONS, INC.

        Defendant.

## COMPLAINT FOR DAMAGES

1.    Plaintiff Lorraine Suazo-Garcia was solicited by a door-to-door salesman to purchase an alarm system and security monitoring service.  The defendant failed to disclose to her the cost of financing the purchase, in violation of the Truth in Lending Act.

### Jurisdiction and Venue

2.    This Court has jurisdiction under the Truth in Lending Act ("TILA"), 15 U.S.C. §1640(e), and under 28 U.S.C. §§ 1331 and 1337.  The Court has supplemental jurisdiction over the other claims under 28 U.S.C. § 1367.  The events complained of took place in this District.

### Parties

3.    Plaintiff Lorraine Suazo-Garcia resides in Albuquerque, New Mexico.

4.    Defendant APX Alarm Security Solutions, Inc. ("APX") is a foreign company authorized to do business in New Mexico.  APX is subject to the New Mexico Unfair Practices Act, NMSA 1978 §§ 57-12-1, *et seq.* ("UPA").  APX is a "creditor," as defined in the TILA, 15 U.S.C. §1602(f), and Regulation Z, 12 C.F.R § 226.2(a)(17).

**Facts**

5.    In late May, 2006 Ms. Suazo-Garcia was solicited in her home by a representative of APX, which sells alarm systems and home alarm monitoring service.

6.    The salesman convinced her to sign an agreement to purchase the alarm system and to utilize the monitoring service.  The contract is titled an "Alarm System Purchase and Services Agreement."

7.    Although Ms. Suazo-Garcia received written notice of her right to cancel the contract within three days, APX installed the system that same day.  This unfair tactic overshadowed her right to cancellation, leaving the impression it was too late for her to do so, since the equipment already was in place.

8.    Under the contract, Ms. Suazo-Garcia is obligated to pay $39.00 per month for 36 months.

9.    However, APX is withdrawing $39.99 per month from her bank account.

10.   In connection with the sale and extension of credit, APX failed to provide Ms. Suazo-Garcia the disclosures required by the Truth-in-Lending Act, such as disclosures of the Amount Financed, Finance Charge, Annual Percentage Rate, Total of Payments, security interest and payment schedule.

11.   Upon information and belief, APX's conduct is part of a pattern and practice of failing to disclose consumer credit information to purchasers of its equipment and services.

12.   Ms. Suazo-Garcia suffered actual damages, including money, aggravation, inconvenience, embarrassment and lost time.

### First Claim for Relief: Violation of the Truth in Lending Act

13. APX's acts and omissions, in connection with the contract for the sale of the alarm system, violate the Truth in Lending Act and Regulation Z.

14. APX is liable for statutory damages in an amount of twice the Finance Charge, up to a maximum of $1,000, plus costs and attorney's fees.

### Second Claim for Relief: Unfair Trade Practices

15. This transaction occurred in the regular course of APX's trade or commerce, and its actions are subject to the New Mexico Unfair Practices Act, NMSA 1978 §§ 57-12-1, *et seq*. ("UPA").

16. APX's misrepresentations include:

    a.  misrepresenting that she had a three day right to cancel this door to door sale, when the system already had been installed;

    b.  misrepresenting that there was no finance charge.

17. These misrepresentations are unfair or deceptive trade practices within the meaning of NMSA 1978 § 57-12-2(D).

18. Defendant willfully engaged in these unlawful trade practices.

19. Ms. Suazo-Garcia is entitled to recover actual or statutory damages, whichever are greater, trebled.

20. Ms. Suazo-Garcia is entitled to cancel the contract and to receive all of the money she has paid under the contract.

21. Ms. Suazo-Garcia is entitled to recover costs and reasonable attorney fees.

## Request for Relief

Ms. Suazo-Garcia requests that this Court award:

A.   Actual or statutory damages, whichever is greater, for violations of the TILA;

B.   Actual or statutory damages, whichever is greater, trebled, for violations of the UPA;

C.   A declaration that the contract is void for cutting off Ms. Suazo-Garcia's right to cancel

within three days;

D.   Costs and reasonable attorney fees; and

E.   Such further relief that is just and reasonable under the circumstances.


Respectfully submitted,

FEFERMAN & WARREN, Attorneys for Plaintiff

RICHARD N. FEFERMAN
300 Central Ave., SW, Suite 2000 East
Albuquerque, New Mexico 87102
(505) 243-7773

4